IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                           CRIM. NO.: 16-312(GAG/SCC)

[2] KIARA LIZ TORRES-TORRES,

    Defendant.

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I. PROCEDURAL BACKGROUND**

On May 19, 2016, defendant Kiara Liz Torres-Torres was charged in a multi-count indictment. On June 6, 2016, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to count four of the indictment and a forfeiture allegation. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count four charges that the defendant, with others, did knowingly and intentionally possess with intent to distribute a mixture or substance which contained a detectable amount of marihuana a Schedule I Controlled Substance, in violation of Title 21, United

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

States Code, Section 84(a)(1) and Title 18, United States Code, Section 2.

The defendant was advised of the purpose of the hearing and placed under oath, with

instructions that her answers must be truthful or she would subject herself to possible

charges of perjury or making a false statement.

## II.  CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving her right to trial by jury.[1]

She confirmed that her attorney explained and translated the form, and she was further

explained her right to have all proceedings, including the change of plea hearing,

conducted by a district judge. To this end, defendant was made to understand the

differences between the functions and jurisdiction of magistrate and district judges, and

that, if she chose to proceed before a magistrate judge, that the magistrate would hold the

hearing and prepare a report and recommendation, which would be subject to review by

and the final approval of the district judge. Having heard all of this, the defendant

consented to proceed before a magistrate judge.

]

---

[1]That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

### III.   PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11 of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an understanding of the charges, and (3) knowledge of the consequences of pleading guilty. *Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.  Competence to Enter a Guilty Plea

The defendant was questioned about her age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and her understanding of the purpose of the hearing. It was confirmed that the defendant received a copy of the indictment and fully discussed the charges with her counsel and was satisfied with the advice and representation she received. The court inquired whether counsel for the defendant or the government had any doubts about the defendant's capacity to plead;

3

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing her demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

## B.  Maximum Penalties

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which she was pleading guilty, namely, as to count four, a term of imprisonment of not more than five years, a fine not to exceed $250,000, and a term of supervised release of at least two years. However, defendant was also informed that a special monetary assessment of $100 would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of violating its terms.

## C.  Plea Agreement

The defendant was shown documents titled Plea and Supplement to Plea Agreement (together, "Plea and Supplement to Plea Agreement"), which are part of the record, and identified her initials and signatures. She confirmed that she had the opportunity to read and discuss the Plea and Supplement to Plea Agreement with her attorney before signing, that her attorney had translated the document, that it represented the entirety of her

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

understanding with the government, that she understood its terms, and that no one had

made any other or different promises or assurances to induce her to plead guilty.

The defendant was then admonished, pursuant to Rule 11(c)(1)(C) of the Rules of

Criminal Procedure, that the district judge can either accept the Plea Agreement, and

impose the sentence recommended by the parties, or reject it, in which case the defendant

will have the opportunity to withdraw her guilty plea and go to trial, or persist in her

guilty plea, in which case the judge may then impose a sentence greater than the defendant

might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea

Agreement and were explained in open court. The defendant confirmed that these were

the sentencing recommendations she agreed to with the government. The defendant was

made to understand that the guidelines are no longer mandatory and are thus considered

advisory, and that during sentencing, the court will consider the sentencing criteria found

at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances, she or the government may

have the right to appeal the sentence the court imposes. The defendant was further

informed, and professed to understand, that the Plea and Supplement to Plea Agreement

contains a waiver of appeal provision under which the defendant agreed to waive her right

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

to appeal the judgment and sentence if the court accepts the Plea and Supplement to Plea

Agreement and sentences her according to its terms and conditions.

**D.  Waiver of Constitutional Rights**

The defendant was specifically advised that she has the right to persist in a plea of not

guilty, and that if she does so persist that she has the right to a speedy and public trial by

jury, or before a judge sitting without a jury if the court and government so agree; that at

trial she would be presumed innocent and the government would have to prove her guilt

beyond a reasonable doubt; that she would have the right to assistance of counsel for her

defense, and if she could not afford an attorney the court would appoint one to represent

her; that at trial she would have the right to hear and cross-examine the government's

witnesses, the right to decline to testify unless she voluntarily elected to do so, and the right

to the issuance of subpoenas or compulsory process to compel the attendance of witnesses

to testify on her behalf. She was further advised that if she decided not to testify or put on

evidence at trial, her failure to do so could not be used against her, and that at trial the jury

must return a unanimous verdict before she could be found guilty.

The defendant expressed her understanding of these right, and her understanding that

by entering a plea of guilty there would be no trial and she would be waiving or giving up

the rights the court explained. The defendant's counsel attested that he explained these

6

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

rights to his client and believed that the defendant understood his explanations. The

defendant was also informed that parole has been abolished and that any sentence of

imprisonment must be served. Further, defendant was explained that a pre-sentence report

would be prepared and considered by the district judge at sentencing. Defendant was

admonished that her guilty plea, if accepted, may deprive her of valuable civil rights,

including the right to vote, to serve as a juror, to hold public office, and to possess a

firearm. The defendant expressed her understanding of these consequences.

### E.  Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in

count four and the evidence the government had available to establish the defendant's guilt

beyond a reasonable doubt, should the case go to trial. The defendant understood this

explanation and agreed with the government's submission as to evidence which could have

been presented at trial.

### F.  Voluntariness

The defendant stated that she had not been induced to plead guilty, but, rather, that he

was entering such a plea freely and voluntarily because she is in fact guilty, and that no one

had threatened her or offered her a thing of value in exchange for her plea. She

7

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

acknowledged that no one had made any promises in exchange for her guilty plea, other than the recommendations set fort in the Plea and Supplement to Plea Agreement. Throughout the hearing, the defendant was able to consult with her attorney.

## IV.     CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and entered a plea of guilty as to count four of the indictment and a forfeiture allegation. After cautioning and examining the defendant under Rule 11, I find that the defendant, Kiara Liz Torres-Torres, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with the full knowledge of the consequences of her guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to count four of the indictment and a forfeiture allegation.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and

United States v. Torres-Torres
Crim. No. 16-312 (GAG/SCC)
Report and Recommendation

recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 6th day of June, 2016.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE